NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-4528

MATTHEW P. AMOS; CHRISTINE A. AMOS; ROBERT A. ABEL; PAMELA MOBIUS
ARMSTRONG; DAVID L. ENGLEHART; JANET C. NACLERIO; DONALD A. ERNEY;
TIMOTHY P. FARRELL; KEVIN M. FINN; DAWSON FLINCHBAUGH; CAROLE A.
FOWLER; PATRICIA A. HELM; BRUCE G. HOLRAN; RONALD N. HUGHMANICK;
JANET C. NACLERIO; EDWARD R. NORFORD; RONALD L. PROUGH; WILLIAM J.
REGAN; LOUIS M. ROBINSON; BRUCE A. SMITH; CHARLOTTE SPITZ; ROBERT M.
TROXELL; JANET M. WESTCOTT; CURT H. ZIMMERMANN; RICHARD ZLOGAR;
JEFFREY S. NICKUM,

Appellants

v.

FRANKLIN FINANCIAL SERVICES CORPORATION; LOWELL R. GATES; LINDA LEE
GATES; NICHOLAS J. DUNPHY; WILLIAM T. HABACIVICH; CHARLES J. HENRY;
ANDREW W. KOHR; SUSAN A. RUSSELL

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civ. No. 1-10-cv-01285)
District Judge: The Hon. William W. Caldwell

Argued: October 5, 2012

Before: McKEE, *Chief Judge*, JORDAN and
VANASKIE, *Circuit Judges*

(Opinion filed: January 11, 2013)

MICHAEL A. FARNAN, ESQ.  (Argued)
The Farnan Law Office
3710 Forbes Avenue, 3rd Floor
Pittsburgh, PA 15213

JEANNE F. MULRY, ESQ.
Law Offices of Jeanne F. Mulry
8 Arlington Avenue
Rockville Centre, NY 11570

*Attorneys for Appellants*

TIMOTHY J. NIEMAN, ESQ.  (Argued)
STEPHEN MONIAK, ESQ.
RHOADS & SINON LLP
One South Market Square
P.O. Box 1146, 12th Floor
Harrisburg, PA 17108

*Attorneys for Appellee,  Franklin Financial Services, Inc.*

IAN M. COMISKY, ESQ.
EVAN H. LECHTMAN, ESQ.  (Argued)
JEFFREY N. ROSENTHAL, ESQ.
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103

*Attorneys for Appellees, Lowell R. Gates, et al.*

OPINION

McKEE, *Chief Judge*.

Matthew P. Amos and twenty four other plaintiffs have appealed the district court's order dismissing their first amended complaint for failure to adequately plead  a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  They allege violations of 18 U.S.C. §§ 1962(b), (c) and (d), based on predicate acts of mail and wire fraud, 18 U.S.C. §§ 1341 and 1343, respectively.  For the reasons that follow, we will affirm.

## I. FACTS AND PROCEDURAL HISTORY

Because we write primarily for the parties, who are well familiar with the facts and procedural history of this litigation, we will recite only those portions of the facts and procedural history necessary to adjudicate this appeal.

Amos and the other twenty-four plaintiffs  (hereinafter "Amos") are former shareholders in Community Financial, Inc. ("CFI").  Franklin Financial Services Corporation acquired CFI in a merger whereby CFI ceased to exist and its shareholders  and third parties were paid cash for

2

their shares. Amos filed an action against Franklin Financial and seven individual defendants, viz., Lowell R. Gates, William T. Habacivch, Nicholas J. Dunphy, Charles J. Henry, Andrew J. Kohr, Susan Russell and Linda Gates (hereinafter "Lowell Gates"), most of whom were shareholders and officers of CFI, alleging that in the years leading up to the merger, Lowell Gates operated CFI in a manner that diluted the value of Amos' shares upon the merger relative to the value of Lowell Gates' shares. Amos alleges that to accomplish this goal, Lowell Gates devised a fraudulent scheme and engaged in fraudulent conduct directed at Amos and other non-defendant shareholders.

As we noted at the outset, Amos asserted claims under civil RICO, alleging violations of 18 U.S.C. §§ 1962(b), (c), and (d) where the predicate acts are alleged to have been mail and wire fraud, 18 U.S.C. §§ 1341 and 1343, respectively. He also asserted state law claims for conversion, unjust enrichment, breach of fiduciary duty, fraud and waste of corporate assets, conspiracy, and a violation of the Pennsylvania Uniform Commercial Code. Amos' original complaint was filed on June 19, 2010. Subsequently, Amos filed a first amended complaint. Thereafter, Franklin Financial and Lowell Gates filed Rule 12(b)(6) motions to dismiss the first amended complaint. The district court eventually dismissed the first amended complaint based on its conclusion that Amos failed to state civil RICO claims because of the statutory exception for fraud claims in the sale of securities found in 18 U.S.C. § 1964(c). *Amos v. Franklin Financial Services Corp.*, 2011 WL 2111991 (M.D. Pa. May 26, 2011).[1]

Thereafter, Amos filed a motion for reconsideration under Fed.R.Civ.P. 59(e), arguing, *inter alia*, that the district court erred in dismissing the complaint because the transaction in

---

[1]Because the district court dismissed the RICO claims, it declined to exercise supplemental jurisdiction over the state law claims and dismissed the state law claims without prejudice. 2011 WL 2111991 at *6

question was a "freeze-out merger" and, therefore, could not constitute securities fraud. After briefing, the district court issued a Memorandum Opinion on November 22, 2011 in which it agreed with Amos. *Amos v. Franklin Financial Services Corp.*, 2011 WL 5903875 (M.D. Pa. November 22, 2011). However, the district court again dismissed the first amended complaint, finding that it failed to satisfy the pleading requirements for a civil RICO action. *Id.* at *6-15.[2]

This appeal followed.[3]

## II. GENERAL LEGAL PRINCIPLES

Amos' two substantive RICO claims are based on 18 U.S.C. §§ 1962(b) and 1962(c).[4] Section 1962(b) provides:

> (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which, affect, interstate or foreign commerce.

---

[2] The district court once again declined to exercise supplemental jurisdiction over the state-law claims after it dismissed the RICO claims. 2011 WL 5903875 at *15.

[3] We review the district court's dismissal of a claim under Rule 12(b)(6) *de novo*. *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citation omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citation omitted). A district court must dismiss a complaint that pleads facts that are "merely inconsistent with" a defendant's liability, if the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* (citation omitted).

[4] As noted, Amos also brought claim under 18 U.S.C. § 1962(d), which provides: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

4

Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

"The RICO statute provides for civil damages for 'any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962].'" *Tabas v. Tabas*, 47 F.3d 1280, 1289 (3d Cir. 1995) (quoting 18 U.S.C. § 1964(c)). "A common thread running throughout § 1962 is that an injured party must demonstrate that the defendant was engaged in a 'pattern of racketeering activity.'" *Id.*

In *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985), the Court held:

> A violation of § 1962(c) . . . requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim. Conducting an enterprise that affects interstate commerce is obviously not in itself a violation of § 1962, nor is the mere commission of the predicate offenses. In addition, the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation.

*Id.* at 496. As noted, a RICO claim pursuant to § 1962(b) makes it "unlawful for any person *through a pattern of racketeering activity* . . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate of foreign commerce." 18 U.S.C. § 1962(b) (emphasis added).

A pattern of racketeering activity is established by showing that the defendants engaged in at least two predicate acts within ten years of each other. 18 U.S.C. § 1961(1), (5); *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004) ("A pattern of racketeering activity requires at least two predicate acts of racketeering activity.") (citation omitted). " 'Racketeering activity'

5

is defined in RICO to mean 'any act or threat involving' specified state-law crimes, any 'act' indictable under specified federal statutes, and certain federal 'offenses.'" *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 232 (1989). The "predicate acts of racketeering may include, *inter alia*, federal mail fraud under 18 U.S.C. § 1341 or federal wire fraud under 18 U.S.C. § 1343." *Lum*, 361 F.3d at 223 (citing, *inter alia*, 18 U.S.C. § 1961(1)). As relevant here, mail or wire fraud consists of: "(1) a scheme to defraud; (2) use of the mails [or wires] to further that scheme; and (3) fraudulent intent." *United States v. Pharis*, 298 F.3d 228, 234 (3d Cir. 2002) (citation omitted). "[N]o defendant can be liable under RICO unless he participated in two or more predicate offenses sufficient to constitute a pattern." *Banks v. Wolk*, 918 F.2d 418, 421 (3d Cir. 1990).

## DISCUSSION

In its opinion dismissing Amos' first amended complaint, the district court gave a number of reasons why the first amended complaint failed to adequately allege a civil RICO action under 18 U.S.C. §§ 1962(b), (c), or (d). First, it found that Amos failed to show proximate cause because the injury alleged in the first amended complaint is derivative of injury to CFI, not a direct injury to Amos.[5] 2011 WL 5903875 at *6-9. Second, it found that Amos' RICO claims failed because the first amended complaint did not plead a pattern of racketeering activity on the part of both the individual defendants and Franklin Financial. *Id*. at *9-14. Third, it found that the first amended complaint failed to plead the existence of an association-in-fact enterprise. *Id*.

---

[5] As the district court held, Amos's failure to demonstrate that the alleged RICO predicate acts were the proximate cause of his injury also meant that he lacked standing to bring a civil RICO action. *See Holmes v. Sec. Protection Corp.*, 503 U.S. 258, 268 (1992) (requiring that a RICO plaintiff "show[] that the defendant's violation not only was a 'but for' cause of his injury, but was the proximate cause as well.").

at 14-15. Fourth, it found that Amos's RICO conspiracy claim failed because the first amended complaint did not adequately allege violations of §§ 1962(b) or (c). *Id*. at 15.

In this appeal, Amos advances a number of arguments in support of his overarching contention that the district court's Rule 12(b)(6) dismissal of the first amended complaint was error. We disagree.

In its through and well-reasoned November 22, 2011, opinion, the district court fully and completely explained why the first amended complaint failed to adequately allege a civil RICO action and why dismissal of the first amended complaint was appropriate. We can add nothing to the district court's thoughtful analysis and discussion. Accordingly, we will affirm substantially for the reasons set forth in the district court's November 22, 2011, opinion.